## Nathaniel Austin *versus* Levi Parker *et al.*

In debt on a bond to the plaintiff as sheriff, conditioned that the defendant should keep a fair register of all warrants &c. that might come to his hands as a deputy of the plaintiff, and should annually, in January, April, July and October, furnish the plaintiff with a true copy thereof, the defendant pleads performance generally, and the plaintiff, in his replication, sets forth as a breach, that the defendant, from the time of making the bond until the day of commencing the action, (more than seven years,) has not furnished the plaintiff annually, in January, April, &c., with a true copy of any fair register of all warrants &c.; but on the contrary, the defendant fraudulently and deceitfully furnished the plaintiff with a certain false and fictitious writing purporting to be truly abstracted from a fair register by him kept. *Held,* that the replication was bad for duplicity, because it assigned more than one breach, every failure to furnish a copy at the end of a quarter of a year being a distinct breach; but that supposing these several breaches constituted but one, the replication was nevertheless bad, it being set forth argumentatively only, (if at all,) that the defendant did not keep a fair register, and if there had been a direct averment of that fact, it could not have been pleaded with the other averment, that the defendant had not furnished a copy.

This was an action of debt on a bond, dated May 5, 1824, given to the plaintiff, then sheriff of this county, by Parker as principal and the other defendants as sureties. The condition is, that Parker shall faithfully perform his duty as a deputy of the plaintiff, and among other things, that he "shall keep a fair register or registers of all warrants, summonses, writs and precepts that may come to his hands as a deputy-sheriff aforesaid, and of his doings and fees thereon, in such fit and concise manner as the said Nathaniel Austin shall order and subject to his inspection &c. ; and shall annually, in the months of January, April, July and October, furnish the said Nathaniel Austin with a true copy of the said register or registers, or such parts thereof as the said Nathaniel Austin may direct, subscribed and attested as such."

The defendants plead performance generally.

The plaintiff replies, that Parker " has not, from the time of making the writing obligatory aforesaid, until the day of commencing this action, furnished the said Austin annually, in the months of January, April, July and October, with a true copy of any fair register or registers by him kept of all warrants, summonses, writs and precepts that had come to the hands of the said Parker as a deputy sheriff, and of his doings and fees thereon, according to the true tenor and effect, intent and meaning of the condition of the said writing obligatory ; but on the contrary, the said Parker, in the month of April 1828, fraudulently and deceitfully furnished the said Austin with a certain false and fictitious writing, purporting to be truly abstracted from a fair register by him kept, of all warrants, summonses, writs and precepts that had come to the hands of the said Parker, as such deputy sheriff, and of his doings and fees thereon ; whereby the said Austin was greatly deceived and defrauded."

To this replication the defendants demur, and assign for causes ;—

1. That it is double, in that it puts in issue two breaches of the condition, to wit, that Parker did not keep a fair register or registers, and that he did not deliver to Austin annually in the months of January, April, July and October, a true copy of his register or registers.

2. That it is argumentative, and worded in such manner as argumentatively to set forth and embrace two breaches of the condition, to wit, not denying the delivery of a copy of the register, it argumentatively states, that it was not a copy of a fair register, drawing into issue and argumentatively stating a breach of the condition.

*S. D. Parker* and *Buttrick* cited, in support of the objection that the replication was argumentative and contained a negative pregnant, *Bourne* v. *Taylor*, 10 East, 205 ; *Bean* v. *Farnam,* 6 Pick. 269 ; 4 Dane's Abr. 421, § 13, 16, 17 ; *Doughty* v. *Fawn*, Yelv. 226 ; 1 Chit. Pl. 518, 519 ; Com. Dig. *Pleader*, *E* 3 ; Archb. Pl. and Evid. 213 ; *Hall* v. *Dennie*, 4 Pick. 501.

*Hoar* and *Stearns*, for the plaintiff, cited *Hughes* v. *Smith,* 5 Johns. R 168 ; *Swift* v. *Jansen*, 8 Johns. R. 86 ; *Fish*

*Austin*
*v.*
*Parker.*

*Jan. 15th,*
*1833,*
*at Boston*

v. *Dana,* 10 Mass. R. 46 ; *Bache* v. *Proctor,* 1 Doug. 382 , *Robinson* v. *Rayley,* 1 Burr. 316 ; 1 Chit. Pl. 512.

PUTNAM J. delivered the opinion of the Court. The defendants having pleaded performance generally, the plaintiff, according to the correct rule of pleading, should in his replication set forth a single breach. That would be sufficient, if proved, to enable him to recover in chancery all that in equity he was entitled to have.

But we all think that the replication in the case at bar is too general, in alleging that Parker did not furnish the plaintiff annually with a true copy of any fair register of services in January, April, July and October, from the making of the bond, May 5th, 1824, to the time of commencing this action, in 1831. It embraces a period of more than twenty-eight quarters of a year, and as the failure to render such copy at the expiration of a quarter would unquestionably be a breach, it assigns as many breaches as there may have been omissions to furnish such copy at the expiration of every quarter of a year during the whole period. It is not, we think, to be considered as one engagement, and one breach, as is contended by the counsel for the plaintiff, but clearly several distinct breaches occurring at the expiration of the several stipulated periods when the copy of the register should have been rendered. It is not like the case where one obliges himself to render an account of all moneys received. There, it is not the failure to render an account of each sum when received, but *all sums taken together,* that constitutes the breach. *Shum* v. *Farrington,* 1 Bos. & Pul. 643 ; *Mints* v. *Bethil,* Cro. Eliz. 749 ; and the principle of *Shum* v. *Farrington,* was adopted in the case cited, *Hughes* v. *Smith,* 5 Johns. R. 168. It is to be considered a double plea, if one issue cannot determine all the issuable matter contained in it. Doctr. Plac. 198 ; Com. Dig. *Pleader,* E 2. If that rule should be applied to the case at bar, it seems to us to be clear, that all the issuable matter in this replication could not have been determined by any single issue that could have been framed. If the replication had stopped at this general negation, we think it would have been bad. And it is not made any better by the affirmative allegation, that " on the

Austin
v.
Parker.

contrary, Parker, in the month of April 1828, fraudulently and deceitfully furnished the plaintiff with a certain false and fictitious writing, purporting to be truly abstracted from a fair register by him kept, of all warrants " &c. It seems to us that this allegation is uncertain and argumentative. If the writing was false, and was like the register, then the register was false ; and yet there is no direct averment that the register was false. It is only by argument (if at all) that we can come to that result. If there had been a direct allegation that Parker did not keep a fair register, that would have been an independent issuable fact, and could not have been pleaded with the other allegation, that he had not furnished a copy of the register quarterly, even if the general allegation extending to the whole period of time were allowable. If all those breaches were consolidated into one breach, then another for not keeping a fair register, could not be added.

The opinion of the Court is, that the replication be adjudged to be bad, and that judgment be rendered for costs for the defendants.